# 95 DTA 145

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE MAYAGUEZ Y AGUADILLA

ANDRES HERNANDEZ VARGAS
Apelado

v.

JULIO MARCANO PACHECO, SU ESPOSA, JANE DOE; JUSTO ELIAS, SU ESPOSA MARY DOE Y LA SOCIEDAD LEGAL DE GANANCIALES, RESPECTIVAMENTE
Apelantes

Núm. KLAN-95-00042

San Juan, Puerto Rico, a 22 de mayo de 1995

Panel integrado por su presidente, Juez Amadeo Murga
y los Jueces Brau Ramírez y Ramos Buonomo

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

El presente recurso de apelación fue presentado el 25 de marzo de 1994 ante el Tribunal Superior, Sala de Mayaguez, y posteriormente referido a este Tribunal, conforme el artículo 9.004(b) de la Ley de la Judicatura de Puerto Rico de 1994 y la Orden Administrativa Núm. XIII del Juez Presidente del Tribunal Supremo de Puerto Rico del 23 de enero de 1995.

Se recurre de una sentencia emitida el 11 de febrero de 1994 por el Tribunal de Distrito, Sala de Mayaguez, declarando con lugar la demanda por incumplimiento de contrato presentada por el apelado Andrés Hernández Vargas contra los apelantes Julio Marcano Pacheco y Justo Elías. El Tribunal condenó a los apelantes referidos, a satisfacer al apelado mil doscientos dólares ($1200) y setecientos cincuenta dólares ($750), respectivamente. Además le impuso a cada uno la cantidad de trescientos dólares ($300) por concepto de honorarios de abogado, por temeridad.

### II

Según se desprende de los autos, el apelado es dueño de un edificio de apartamentos ubicado en la Calle Esteban Ferrer Núm. 100, Mayaguez, P.R., dedicado a hospedaje para estudiantes. El 1 de agosto de 1990, los apelantes suscribieron con el apelado un contrato de arrendamiento sobre el apartamento Núm. 7 del anterior edificio por el término de un año. El canon acordado fue de trescientos dólares ($300) mensuales para las dos estudiantes que se hospedarían en el mismo, hijas de los apelantes, a razón de ciento cincuenta dólares ($150) para cada una.

Posterior al comienzo del año escolar y sin haberse concluido el término del arrendamiento, las estudiantes hospedadas en el apartamento abandonaron el mismo, sin notificar al apelado y dejaron de pagar los cánones acordados. La hija del apelante Julio Marcano, Arelis Marcano, se marchó del apartamento a finales de octubre de 1990. Norma Jeanette Elías Rodríguez, hija del apelante Justo Elías, lo abandonó a finales de junio de 1991.

El apelado intentó cobrar personalmente las mensualidades adeudadas y, al resultar infructuosas dichas gestiones, instó demanda por incumplimiento de contrato ante el foro recurrido el 15 de mayo de 1992, donde reclamó diez mil dólares ($10,000.00) por *"angustias*

*físicas y mentales"* y cinco mil dólares ($5,000.00) por daños *"previsibles por el incumplimiento del contrato".* Los apelantes contestaron la demanda aceptando unas alegaciones y negando otras. Plantearon como defensas afirmativas que de existir algún incumplimiento al contrato éste se debió única y exclusivamente a los actos y omisiones del apelado que habían impedido el uso adecuado de las facilidades arrendadas; que el apelado incumplió al no mantener las facilidades arrendadas en su estado de sanidad, seguridad y decoro mínimo; y que los daños reclamados eran improcedentes en derecho, desproporcionados e inconsistentes.

El Tribunal, luego de apreciar la evidencia testifical y documental desfilada en el juicio, declaró con lugar la demanda. El Tribunal determinó que la rescisión por vicios alegada como defensa afirmativa por los apelantes no procedía al no probar *"que el demandante impidiera el uso [el uso] de las facilidades arrendadas o que no suministrara lo que contenía el contrato".* Concluyó que las *"estudiantes Norma Jeannette Elías Rodríguez y Arelis Marcano utilizaron como excusas las alegadas condiciones deprimentes del área del apartamento, sin traer prueba creíble para violentar las condiciones del contrato firmado por sus progenitores."*

Inconforme con el dictamen del foro de instancia, la parte apelante instó el presente recurso de apelación. Por orden de 3 de marzo de 1995 se concedió un plazo final de quince días para que la parte apelada sometiera su alegato. Ha transcurrido dicho término sin que el apelado se haya expresado, por lo que habiéndose cumplido con el trámite dispuesto por las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III-A, se considera sometido el recurso.

### III

En su escrito de apelación, la parte apelante plantea la comisión de varios errores, dirigidos, en su mayoría, a cuestionar la apreciación de la prueba realizada por el Tribunal de Instancia. Su argumento, en síntesis, es que el Tribunal erró al determinar que no hubo un incumplimiento por parte del apelado que facultara a los apelantes a rescindir el contrato y suspender el pago de las mensualidades. No tiene razón.

El Art. 1444 del Código Civil, 31 L.P.R.A. sec. 4051, establece que el arrendador está obligado, *inter alia,* a mantener al arrendatario en el goce pacífico del arrendamiento por todo el tiempo del contrato y a hacer las reparaciones necesarias con el fin de conservar la propiedad en estado de servir para el uso a que ha sido destinada. El incumplimiento con estas obligaciones faculta a este último a pedir la rescisión del contrato. 31 L.P.R.A. sec. 4053.

El Tribunal Supremo de Puerto Rico ha observado que no todo incumplimiento del arrendador da lugar a la acción rescisoria antes indicada. En particular, cuando se trata de una obligación de menor rango, tal y como *"hacer las reparaciones",* no se entiende *"conveniente conceder al arrendatario dicha facultad en la mayoría de los supuestos". Mora Dev. Corp. v. Sandín,* 118 D.P.R. 733, 742 (1987) (citando a F. Puig Pena, *Compendio de Derecho Civil Español,* Pamplona, Ed. Aranzadi, 1972, T. IV, pág. 83).

Las obligaciones alegadamente incumplidas por el apelado en el caso de autos fueron la de reparar la puerta de entrada al apartamento, la cual tuvo un agujero *"desde octubre de 1990 hasta el 21 de marzo de 1991"* y de brindar mantenimiento a las facilidades arrendadas. Dichas obligaciones eran de naturaleza más bien accesoria, por lo que el Tribunal no estaba inexorablemente compelido a decretar la rescisión del contrato debido al incumplimiento del apelado por las mismas, ni a exonerar a los apelantes del pago de los cánones acordados.

Cabe senalar que, de acuerdo al récord, en la situación de autos, las estudiantes consintieron a ocupar el apartamento, a pesar de los vicios alegados. El apartamento, de

hecho, estuvo ocupado durante la mayor parte del término del contrato, sin que la parte apelante cumpliera su obligación de pagar los cánones. Se desprende del récord que la razón por la cual Arelis Marcano, hija del coapelante Julio Marcano, abandonó el apartamento en octubre de 1990, era porque iba a darse de baja del Recinto Universitario de Mayaguez y a matricularse en el Colegio Universitario de Cayey. Norma Jeanette Elías Rodríguez, hija del apelante Justo Elías, permaneció en el apartamento hasta finales de junio de 1991, fecha en que finalizó la sesión escolar de verano a la que atendía. Al marcharse Arelis, Norma Jeanette se quedó con otra estudiante, *"hija de un oficial de la Policía de Bayamón de apellido González"*. En estas circunstancias, entendemos que el Tribunal podía válidamente concluir que los apelantes no habían probado la existencia de los vicios reclamados.

Es norma reiterada de derecho que la apreciación de la prueba realizada por el Tribunal de Instancia merece gran deferencia por un Tribunal apelativo. *Sánchez Rodríguez v. López Jiménez,* 116 D.P.R. 172, 181 (1985). En consecuencia, un tribunal no intervendrá con la apreciación que de la prueba desfilada haya hecho el Tribunal de Instancia en ausencia de pasión, perjuicio, parcialidad o error manifiesto. *Rivera Pérez v. Cruz Corchado,* 119 D.P.R. 8, 14 (1987); Regla 43.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap.III R 43.

Un examen de la exposición narrativa de la prueba refleja que las determinaciones del foro de instancia están sostenidas por la evidencia desfilada en el juicio. Siendo ello así, la determinación del Tribunal sobre el incumplimiento contractual por parte de los apelantes no resulta claramente errónea.

Por último, la determinación del Tribunal de que los apelantes fueron temerarios al litigar este caso contra el apelado descansa en la sana discreción del tribunal y merece nuestra deferencia dada la flacidez de los argumentos presentados por los apelantes y la claridad de la ley que rige la cuestión planteada. *Ramírez v. Club Cala de Palmas,* 123 D.P.R. 339, 349-50 (1989). Igualmente han sido temerarios al promover la presente apelación.

Por los fundamentos expresados se confirma la sentencia apelada. Se impone a la parte apelante la suma de $500.00 por concepto de honorarios de abogado, a favor de la parte apelada, conforme el artículo 4.002 de la Ley de la Judicatura de Puerto Rico de 1994.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General